Order Entered.

_David L. Bissett_
David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DOC'S TRUCK CENTER, LLC, | ) | Case No. 3:20-bk-120 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| ——————————————— | ) | |
| | ) | |
| AARON C. AMORE, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 3:20-ap-25 |
| | ) | |
| SHIRLEY BRANNON RIDGELY and | ) | |
| HARRY RIDGELY, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| SHIRLEY BRANNON RIDGELY, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WENDY PATRICK, individually and as | ) | |
| Executrix of the Estate of Rodney Patrick, | ) | |
| and ELIZABETH ANN McCORD, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| ——————————————— | ) | |

## MEMORANDUM OPINION

Wendy Patrick and Elizabeth Ann McCord (the "Third-Party Defendants") seek summary judgment on the third-party complaint Shirley Brannon Ridgely (the "Third-Party Plaintiff") filed against them. The Third-Party Defendants contend that summary judgment is appropriate for a

1

variety of reasons, including because the Third-Party Plaintiff failed to plead her claims with particularity as required by Fed. R. Civ. P. ("Rule") 9(b); she cannot prove her allegations for several reasons, including specifically the death of Rodney Patrick, the defendants' late spouse and father, respectively; her claims here are barred because she failed to make a claim in probate upon Mr. Patrick's death; and anything Mr. Patrick took from the business can be reasonably construed as compensation for otherwise uncompensated employment. In response, the Third-Party Plaintiff asserts that summary judgment is not appropriate based upon genuine disputes of material facts. Therefore, the Third-Party Plaintiff contends that the court should permit her to prove her action at trial.

For the reasons stated herein, the court will dismiss the third-party complaint.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden. *Id.* at 323. Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248. Thus, the existence of a factual dispute is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); see also *Anderson*, 477 U.S. at 248.

If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. *Celotex Corp.*, 477 U.S. at 322-23. The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Shaw*, 13 F.3d at 798. However, the

court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50. Nor should the court make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Celotex Corp.*, 477 U.S. at 317, 323-24. Additionally, the court has an independent duty to ensure a plaintiff has standing upon which to invoke the court's jurisdiction. *See Citizens for Quality Educ. San Diego v. Barrera*, 333 F. Supp. 3d 1003, 1020 (S.D. Cal. 2018) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

## II. BACKGROUND

The Third-Party Defendants are the spouse and daughter, respectively, of Rodney Patrick, who died on November 17, 2019. According to the Third-Party Plaintiff, Mr. Patrick acted as a manager of Doc's Truck Center, LLC (the "Debtor"), from 2014 until his death. The Debtor's sole member was the Third-Party Plaintiff. According to the Third-Party Plaintiff, Mr. Patrick converted personal property of the Debtor, including cash, for his personal benefit throughout his employment. Mr. Patrick was otherwise uncompensated despite working as many as fifty hours per week.

On May 29, 2020, the Chapter 7 trustee administering the Debtor's bankruptcy estate filed an adversary proceeding against the Third-Party Plaintiff and Harry Ridgley based generally upon a fraudulent transfer theory. On January 15, 2021, the trustee amended his complaint and included a brief allegation against Mr. Patrick. In that regard, the trustee's allegations regarding Mr. Patrick are minimal and do not relate to his action against the Third-Party Plaintiff and Mr. Ridgley. Specifically, the trustee alleges that "[i]t appears that both Brannon and Patrick used the cash and diverted checks as income to support their personal lives and expenses." Notably, that claim is distinct from the various and numerous claims the trustee makes against the Third-Party Plaintiff. Indeed, the trustee's amended complaint is 164 numbered paragraphs, the overwhelming majority of which allege misconduct by the Third-Party Plaintiff that is unrelated to any allegation against Mr. Patrick.

## III. ANALYSIS

The Third-Party Defendants contend that they are entitled to summary judgment for a variety of reasons. For instance, they allege that the Third-Party Plaintiff failed to state her claim with particularity as required by Fed. R. Civ. P. 9(b). Additionally, the Third-Party Defendants

allege that the Third-Party Plaintiff cannot make a prima facie case entitling her to relief, particularly given Mr. Patrick's death in 2019.  In that regard, the Third-Party Defendants note the absence of evidence supporting the contention that Mr. Patrick took personal property, including cash, from the Debtor.  Additionally, they contend that anything Mr. Patrick took from the Debtor should be reasonably construed as compensation for the many hours he spent working for the Debtor without compensation otherwise.  Finally, the Third-Party Defendants contend that the Third-Party Plaintiff cannot make a claim against them after she failed to make a claim against Mr. Patrick's death estate.

The Third-Party Plaintiff opposes the motion for summary judgment.  In that regard, she contends that the record developed through discovery—including purported admissions by Ms. Patrick—supports going to trial on her claims.  She acknowledges, however, that the claims she made in her third-party complaint "rightfully belong to the Plaintiff Trustee . . . ."

Having considered the parties' respective arguments and the record before it, the court finds it appropriate to dismiss the third-party complaint against the Third-Party Defendants. Importantly, the Third-Party Plaintiff's claim is not a third-party claim at all.  *See* Fed. R. Civ. P. 14(a)(1) (providing that a defendant "may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it").  Rather, the Third-Party Plaintiff pleaded an action belonging to the bankruptcy estate and Chapter 7 trustee.[1] The Third-Party Plaintiff acknowledges as much in opposition to the extant motion for summary judgment.  *See* Response, p. 3 ("These third party claims rightfully belong to the Plaintiff Trustee as they result from cash allegedly obtained from DTC . . . .").  Indeed, the Third-Party Plaintiff does not contend in response to the trustee's complaint that the Third-Party Defendants are liable

---

[1] As the court states above, the Chapter 7 trustee made negligible allegations involving Mr. Patrick. Notwithstanding its analysis and holding, the court would be remiss if it did not also note that it is persuaded by much of the Third-Party Defendants' motion for summary judgment. The Third-Party Plaintiff contends that the court should permit her to proceed to trial on her claims because, in part, "Wendy Patrick has admitted that the cash that was used to pay the loans came from [the Debtor]."  The court, however, finds such contention unsupported by the record and unable of being developed at trial.

Put simply, Ms. Patrick testified as to where *she believes* the cash came from.  Ms. Patrick cannot definitively say, at least to the court's satisfaction, where the cash came from because she did not receive it directly from its source. Rather, the late Mr. Patrick received cash—from unknown sources as far as the court is concerned—and used those proceeds to pay certain expenses and loans.  As the late Mr. Patrick is the only person that could testify as to the source of the cash, the court is unpersuaded that the Third-Party Plaintiff can substantiate her claims at trial.  Indeed, it is likely that weighed in the Chapter 7 trustee's determination to not pursue recovery against Mr. Patrick, his probate estate, or the Third-Party Defendants.

to her if she is liable to the estate.  To the contrary, she contends that Mr. Patrick *also* took personal property, including cash, from the Debtor such that the Third-Party Defendants are liable to the bankruptcy estate.  Importantly, she made her claim without seeking derivative standing, to the extent such standing would be available in this context.

The Fourth Circuit has not yet determined if derivative standing exists in bankruptcy.  *In re Tara Retail Grp., LLC*, 595 B.R. 215, 225 n.6 (Bankr. N.D.W. Va. 2018); *In re Phillips*, 573 B.R. 626, 641 (Bankr. E.D.N.C. 2017); and *In re CHN Constr., LLC*, 531 B.R. 126 (Bankr. E.D. Va. 2015).  It has, however, observed that "[o]ur sister circuits that acknowledge the doctrine have allowed a bankruptcy court to grant derivative standing to a creditor or creditors' committee in two limited circumstances."  *Scott v. Nat'l Century Fin. Enters., Inc. (In re Balt. Emergency Servs. II, Corp.)*, 432 F.3d 557, 560 (4th Cir. 2005) (citations omitted).  "First, several circuits recognize derivative standing when the trustee or debtor-in-possession unreasonably refuses to bring suit on its own.  Second, two circuits have permitted creditor derivative actions when the trustee or debtor-in-possession grants consent."  *Id.* (citations omitted).  The Fourth Circuit went on to opine that

> [t]he question is a significant one, for limitations on standing are of paramount importance in bankruptcy proceedings.  As we have recognized in an analogous Chapter 7 context, 'courts consistently have noted a public policy interest in reducing the number of ancillary suits that can be brought in the bankruptcy context so as to advance the swift and efficient administration of the bankrupt's estate.  This goal is achieved primarily by narrowly defining who has standing in a bankruptcy proceeding.'

*Id*. at 560-61 (quoting *Richman v. First Woman's Bank (In re Richman)*, 104 F.3d 654, 656-57 (4th Cir. 1997)).

In the context of avoidance actions, two sister bankruptcy courts in the Fourth Circuit have viewed derivative standing with skepticism.  *See Phillips*, 573 B.R. at 640-41; *CHN Constr., LLC*, 531 B.R. at 133 ("The Court finds that derivative standing is not appropriate in chapter 7 cases."). In denying a creditor derivative standing to bring an action under § 548 of the Bankruptcy Code, the court in *Phillips* relied, in part, on the Fourth Circuit's recognition that

> even if permitted under the Bankruptcy Code, derivative standing is the exception rather than the rule.  If the former were to swallow the latter, creditors could usurp the central role that the trustee . . . plays as representative of the estate.  The state of affairs would be problematic, because the interests of a creditor . . . may not always align with those of the estate.

5

573 B.R. at 641 (citing *Scott*, 432 F.3d at 562.). Ultimately, the court denied the creditor derivative standing because the creditor "made no allegations in the [c]omplaint that the Chapter 7 Trustee's alleged decision to not pursue the § 548 Claim was unreasonable, or that she initiated the § 548 with the consent of the Chapter 7 Trustee." *Phillips*, 573 B.R. at 641. Indeed, the court observed that "[a] trustee's decision not to pursue an avoidance claim because of cost is certainly justifiable, and it is not an extreme circumstance that would extend standing to a creditor. Rather, it is a sound business decision within the trustee's fiduciary discretion." *Id*.

Similarly, the court in *CHN* denied a creditor derivative standing where the trustee acted reasonably in deciding not to bring the avoidance action. 531 B.R. at 134. Like in *Phillips*, trustee consent was not a factor as the trustee opposed the grant of derivative standing. *Id*. at 132. The *CHN* court went a step further, however, first determining that "derivative standing is not appropriate in chapter 7 cases." *Id*. at 133; *but see In re Pursuit Cap. Mgmt., LLC*, 595 B.R. 631, 662 (Bankr. D. Del. 2018) (a blanket prohibition on derivative standing in Chapter 7 "does not fully account for . . . a chapter 7 trustee who has determined it is in the best interest of the estate to sell . . . a cause of action"). In reaching its conclusion, the *CHN* court noted the important distinction between cases under Chapter 7 and Chapter 11. *Id*. For instance, a Chapter 7 trustee is an independent fiduciary "charged with administering the estate in a manner that is 'compatible with the best interests of parties in interest.'" *Id*. (quoting 11 U.S.C. § 704(a)(1)). "The chapter 7 trustee needs to be provided a substantial degree of discretion in determining how to most effectively administer the bankruptcy estate." *Id*. at 132-33. Moreover, "[t]he Office of the U.S. Trustee is responsible for the supervision of chapter 7 trustees." *Id*. at 133 n.9 (citing 28 U.S.C. § 586(a)(1)).

Here, the Third-Party Plaintiffs did not seek derivative standing, and the court finds it unavailable, to prosecute avoidance actions in Chapter 7 such that the Third-Party Plaintiff lacks standing to bring her action against the Third-Party Defendants. In that regard, the court is persuaded by the robust and thoughtful analysis in *CHN*. Specifically, the court believes the administration of a chapter 7 estate, including the pursuit of avoidance actions, should be left to the reasonable business judgment of the trustee, the legal representative of the estate. 11 U.S.C. § 323. In the event a party believes a trustee is derelict in their duties, they can seek trustee removal

6

or other relief.[2]   Additionally, the plain language of § 548 supports this holding except in circumstances not applicable here.  *See In re Council*, Civil Action No. 06-1537, 2006 WL 3060752, at *4 (E.D. Pa. Oct. 27, 2006) ("In Chapters 11 and 12, Congress confers standing on debtors to pursue avoidance actions.  Chapter 7, however, does not contain a similar provision . . . .  This omission suggests that Congress knew how to confer standing on debtors, but deliberately declined to do so for Chapter 7 debtors.") (citations omitted).  Moreover, the court is skeptical that derivative standing—even if it was available for creditors to pursue avoidance actions in Chapter 7—is similarly available to a litigant like the Third-Party Plaintiff, the former sole member of the Debtor.  Therefore, the court will dismiss the third-party complaint for lack of standing.

## IV. CONCLUSION

Based upon the foregoing, the court finds that the Third-Party Plaintiff lacks standing to pursue the cause of action set forth in her third-party complaint.  Therefore, the court will enter a separate order dismissing the third-party complaint consistent with Fed. R. Bankr. P 7058.

---

[2] Perhaps, for instance, a debtor can seek abandonment under § 554(b) of the Bankruptcy Code.  Here, however, it is not even the Debtor seeking to bring the action.